# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIC CHRISTOPHER J. ECHAVARRIA,<br><br>          Movant,<br>     v.<br><br>DEPARTMENT OF DEFENSE,<br><br>          Respondent. | Case No.: 1:23-mc-00036 JLT EPG<br><br>ORDER DENYING MOTION TO QUASH ADMINISTRATIVE HEARING<br><br>(Docs. 1, 2, 3) |

Airman First Class Christopher Echavarria is an active-duty military member, who is the subject of an investigation, which alleges that he stole military property and sold it for his own profit. In connection with this investigation, the Department of Defense issued subpoenas to USAA Federal Savings Bank, Robinhood Markets and Discover Financial Services. AFC Echavarria now moves the Court to quash each of these subpoenas. (Docs 1-3) He argues that the subpoenas seek information that is not relevant to the investigation. For the reasons set forth below, the Court **DENIES** the motions to quash.

**I.     Background**

A1C Echavarria is an active-duty member of the United States Air Force. (Doc. 11-1 at 2) He is station at Edwards Air Force Base, at Edwards, California and is a member of the 412th Security Forces Squadron. *Id.* Investigators learned that property belonging to the military was being sold on eBay and learned that the eBay account, which transacted 900 sales of military property, was associated with AFC Echavarria. *Id.* After executing search warrants, investigators also discovered

1

military property stored at Echavarria's home along with more than $10,000 in $100 bills. *Id*. at 2-3. In response to a subpoena issued to eBay, investigators learned that the money from the transactions was deposited into a JP Morgan Chase account associated with Echavarria. *Id*. Records from JP Morgan Chase detailed that every week amounts were transferred from Echavarria's JP Morgan Chase account to USAA Federal Savings Bank, Discovery Bank and Robinhood. *Id*. at 3

AIC Echavarria contends that the records under subpoena are not relevant to the investigation, as detailed in the "Notice to Customer" attached to each of the subpoenas. The Notice claims the records are needed,

> To refute or support allegations that during the approximate period of May 2022 through present, you profited from the sale of United States Government property which you stole and sold, in violation of Uniform Code of Military Justice (UCMJ) Article 121, Larceny and Wrongful Appropriation.

Echavarria contends that because the records sought do not address any of the elements of Larceny or Wrongful Appropriation, the subpoenas should be quashed.

**II.     Analysis**

Under the Right to Financial Privacy Act, customers may challenge a subpoena for their financial records by filing a motion to quash demonstrating, in part, the reasons why "the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice . . ." 12 U.S.C. 3410(a)(2). The Court must deny the motion to quash the subpoena if "there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry."[1] 12 U.S.C. § 3410(c). Thus, to be precise, the question is not whether the records are relevant but whether the government has a reasonable belief that they are. "This is not a high burden: 'Once a person's connection to apparently illicit conduct has been shown, it is relevant to know whether that person's bank account contains evidence of such conduct. What need be shown is not probable cause, but a good reason to investigate.'" *Feiner v. U.S. S.E.C.*, 914 F. Supp. 2d 474, 478 (S.D.N.Y. 2012). In *Feiner,* the movant

---

[1] There is no dispute that Echavarria adequately set forth that he is a customer of the financial institutions (12 U.S.C. 3410(a)(1)), nor that the Office of Special Investigations of the Air Force is conducting a legitimate investigation within its lawful authority. 12 U.S.C. 3410(a)(2).

2

1 sought to quash subpoenas issued by the SEC related to alleged fraud. In denying the motion to quash,
2 the Court held, "the Commission needs to investigate all of Movant's accounts to trace any money that
3 might have been fraudulently obtained from, or at the expense of, TAG'S clients. (SEC Opp'n at 7.)
4 This position is eminently reasonable. The SEC's task is to follow the money. The trail appears to lead
5 directly to accounts established by Movant. And the Court is unaware how the SEC could determine
6 which of these accounts, if any, have been used to disguise or disburse TAG's funds, without access to
7 the requested records in the first place." *Id*. at 478-479.

8      Echavarria's attack on the subpoena appears limited to the claim that whether he committed
9 larceny or wrongful appropriation of the property cannot be demonstrated or refuted by the
10 information contained in his financial records. He asserts that because the OSI already has possession
11 of the records from his JP Morgan Chase account, into which the eBay proceeds were directed, the
12 financial records at issue here are unnecessary. He argues that because the "Notice to Customer"
13 identifies the crimes of larceny and wrongful appropriation, the government must demonstrate that the
14 records are relevant to an investigation only into these specified crimes.

15      The Court disagrees. First, the Notice need not set forth the full extent of the government's
16 rationale for seeking the financial records. Instead, it must give the customer only "reasonable
17 specificity the nature of the law enforcement inquiry." 12U.S.C. § 3405(2). The Notice did so.

18      Second, the Court does not read the Notice as narrowly as AIC Echavarria. The Notice states
19 that the records are needed to investigate whether Echavarria "profited from the sale of United States
20 Government property" and explains that the profit, if any, resulted from him stealing and selling
21 property of the government. Thus, the Notice does not limit itself only to the manner of the theft and
22 the manner of the sales of the stolen property. It seeks to investigate also, the extent to which
23 Echavarria profited from the sales of any goods that were stolen. This information is connected to the
24 theft and is clearly relevant. *Feiner* at 478-479; *Han v. Sec. & Exch. Comm'n*, 2019 WL 4543099, at
25 *2 (C.D. Cal. July 10, 2019). Moreover, though the OSI has detected and investigated larceny and
26 wrongful appropriation initially, the investigation conducted up to now has suggested that other
27 crimes may be at issue. AIC Echavarria may not insist that the government investigate only a limited
28 number of crimes or crimes he prefers be investigated.

Indeed, OSI Special Agent Baird attests that the records are needed to demonstrate "whether and when AlC Echavarria received funds for selling stolen military goods online," "whether, when, and for what purposes AlC Echavarria withdrew the funds, which would tend to establish his knowledge of the funds and intent to deprive the Government," to "help prove or disprove the allegations of Wire Fraud in this investigation . . . [because] Documentation of . . . transfers [between JP Morgan Chase via EFT to USAA Federal Savings Bank, Discover Bank, Robinhood] will prove or disprove whether AlC Echavarria transmitted funds for the purpose of executing a scheme to defraud" and because the "records may assist in tracing the funds received from selling military items that A1C Echavarria is suspected of stealing, thereby facilitating the Government's efforts to recover them." *Id*. at 4-5. Each of these bases are legitimate and reasonable and relevant avenues for investigation in light of the information gathered thus far. (Doc. 11-1 at 2-3)

Finally, the fact that the OSI has found evidence that it contends shows that Echavarria sold military property on eBay, this does not preclude the OSI from investigating whether AIC Echavarria sold military property in other ways unrelated to eBay. The Court finds that the financial records at issue may bear on this question.

**III.    Conclusion and Order**

For the reasons set forth above, the motions to quash the administrative subpoenas (Docs. 1-3) are **DENIED**.

IT IS SO ORDERED.

Dated:    **May 15, 2023**

UNITED STATES DISTRICT JUDGE

4